UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
DAVID O'KANE,                                       :
                                                    :
                     Petitioner,            :       **09 Civ. 05167 (HB)(THK)**
                                                    :
     -against-                                 :       **OPINION & ORDER**
                                                    :
ROBERT KIRKPATRICK                                  :
                                                    :
                     Respondent.            :
------------------------------------------------------------------------x

**Hon. HAROLD BAER, JR., District Judge:**[*]

       Pro se petitioner David O'Kane brings this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state court conviction and sentence on charges of Criminal Possession of a Controlled Substance in the Fourth Degree (N.Y. Penal Law § 220.09). Magistrate Judge Katz issued a Report and Recommendation ("R&R"), in which he recommends that the petition be denied and that the action be dismissed with prejudice. Petitioner filed timely objections to the R&R on April 15, 2011.

## I. BACKGROUND

**A. Factual and Procedural History**

       On January 7, 2004, an undercover detective observed Petitioner handing objects to three individuals. The detective followed O'Kane into a store, where he searched petitioner's jacket and recovered 50 ziplock bags of crack cocaine. The detective attested that he recovered the crack cocaine from the right pocket; Petitioner has stressed throughout the proceedings that the jacket had only a left pocket, not a right pocket. On May 5, 2004, Petitioner pleaded guilty to criminal possession of a controlled substance in the fourth degree (N.Y. Penal Law § 220.09) and received a sentence of 3 to 6 years.

       On March 21, 2006, O'Kane filed a pro se motion pursuant to New York Criminal Procedure Law ("CPL") § 440.10 to vacate the judgment of conviction, which the New York Country Supreme Court denied. The Appellate Division, First Department, denied Petitioner leave to appeal on March 28, 2007, and denied leave to reargue on June 6, 2007.

---

[*] Ernesto Rodriguez, a law student at American University Washington College of Law and a summer 2011 intern in my Chambers, provided substantial research and writing assistance on this Opinion and Order.

1

Petitioner appealed his conviction directly. On October 2, 2008, the Appellate Division, First Department, unanimously affirmed the judgment of conviction. *People v. O'Kane*, 55 A.D.3d 315, 865 N.Y.S.2d 61 (1st Dep't 2008). Petitioner sought leave to appeal to the New York Court of Appeals, which was denied on January 20, 2009. *People v. O'Kane*, 11 N.Y.3d 928 (2009).

Petitioner commenced this *pro se* action on June 3, 2009.  He amended the petition on January 29, 2010, arguing a defective indictment and ineffective assistance of counsel.  The petition was referred to Magistrate Judge Katz,  who issued a report and recommendation pursuant to 28 U.S.C. § 636 (b)(1)(C) on February 15, 2011 (the "R&R").

**B. Magistrate Judge Katz's Report & Recommendation**

After carefully evaluating the submissions, Magistrate Judge Katz recommended that Petitioner's petition for a writ of habeas corpus be denied. The R&R notes that Petitioner's claims are reiterations of previous arguments made in state court. Petitioner's allegation that false witness testimony was used to convict him was discussed at length. *See* R&R at 10-24. Judge Katz found that the claim is procedurally barred and is not cognizable in a federal habeas corpus proceeding. R&R at 13. Judge Katz also seriously considered petitioner's objection to effectiveness of appellate counsel. *See* R&R at 24-34. He concluded that petitioner's claim is "meritless" under the standard established in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). Judge Katz found counsel's performance met the <u>Strickland</u> standard, and noted that a strategy is not shown to be bad merely because it ultimately fails.. Additionally, given the facts and allegations against Petitioner, Judge Katz noted that Petitioner received a relatively favorable plea deal. This supported his conclusion that Petitioner's counsel met at least an objective standard of reasonableness in representing Petitioner.

**C. O'Kane's Objections**

Petitioner submitted his Objections to Judge Katz's R&R on April 15, 2011.  Petitioner reiterated the arguments that he made in his original petition, including: (A) that the police officers did not have probable cause to search him; (B) that Detective Deshazo's testimony regarding where the drugs were found was false and inadmissible; (C) that Petitioner never stated that the jacket was his; (D) that Petitioner never cooperated in the trial proceedings; and (E) that

his counsel at trial was ineffective.  Petitioner also included several exhibits with excerpts from proceedings in the case in support of his arguments.

## II. STANDARD OF REVIEW

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *New York Dist. Council of Carpenters Pension Fund v. Perimeter Interiors, Inc.*, 657 F. Supp. 2d 410, 414 (S.D.N.Y. 2009).  This Court reviews *de novo* those parts of the R&R to which objections are made, and reviews the remainder for clear error. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Perimeter Interiors,* 657 F. Supp. 2d at 414.  "When a party makes only generalized or conclusory objections, or simply reiterates his original arguments, the Court reviews a magistrate judge's report and recommendation for clear error." *Perimeter Interiors,* 657 F. Supp. 2d at 414. "The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections." Dotson v. Zenon, 549 F. Supp. 2d 1291, 1299 (D. Colo. 2008) (Citations omitted).  Where portions of the R&R are uncontested or not subject to de novo review, "a district court need only satisfy itself that there is no clear error on the face of the record." Reyes v. Mantello, No. 00-Civ.-8936, 2003 WL 76997, at *1 (S.D.N.Y. Jan. 9, 2003).

## III. DISCUSSION

**A. Defective Indictment**

Petitioner's objections A through C to the R&R are reiterations of the original arguments he made to support his defective indictment claim in this Court.  I therefore review the R&R's findings on the defective indictment claim for clear error.  See Perimeter, 657 F. Supp. 2d at 414.

Petitioner argues that he was subject to a defective indictment, and that because of this his guilty plea should be dismissed.  Judge Katz rejected Petitioner's claim because, in general, federal habeas courts may not review the judgment of a state court that rests on a procedural default that is "independent of [a] federal question and adequate to support the judgment." Coleman v. Thompson, 501 U.S. 722, 729 (1991).  Additionally, because Petitioner failed to show a potential for prejudice or miscarriage of justice, his request for relief cannot be granted with respect to the defective indictment. See id. at 750.

1.  Procedural Bar/Independent and Adequate Support for the Judgment

When reviewing state criminal proceedings, a federal habeas court must evaluate any procedural errors under the following guidelines: (1) whether the procedural violation was depended on by the trial court; (2) whether state case law demands compliance with the procedure in the instant case; and (3) whether compliance with the rule in the instant case would have served a legitimate governmental interest. Garvey v. Duncan, 485 F.3d 709 (2d. Cir. 2007) (citing Lee v. Kemna, 534 U.S. 362, 381-5 (2002)).

Judge Katz properly applied the Garvey guidelines. Judge Katz concluded that, when the state 440.10 court rejected Petitioner's defective indictment argument as raised on his CPL 440.10 motion, it plainly relied on Petitioner's error in not previously raising that argument on a direct appeal. Petitioner did not include the defective indictment claim in his subsequent direct appeal, and is therefore barred from bringing it in subsequent appeals. The New York Court of Appeals ruled that the discrepancies in testimony that Petitioner alleges as the basis for his claim were adequately adjudicated by the trial court, and that any objections to the discrepancies should have been raised during the direct appeal process.

With respect to the second prong, state law is clear in New York that claims raised based on issues in the record must be brought on direct appeal. Dunham v. Travis, 313 F.3d 724, 729 (2d Cir. 2002). Lastly, New York law requires compliance to prevent parties from subverting the appropriate appeals process. People v. Cooks, 67 N.Y.2d 100, 103, 500 N.Y.S.2d 503 (1986). As Judge Katz points out, the New York Court of Appeals has established this as a governmental interest, and therefore the third prong of Garvey is satisfied.

2.  Potential Prejudice

Judge Katz next evaluated whether there was "actual prejudice as a result of the alleged violation of federal law," or if the Petitioner could "demonstrate that failure to consider the claims [would] result in a fundamental miscarriage of justice" Coleman, 501 U.S. at 750. Judge Katz's analysis on this issue, however, demonstrates that such prejudice or potential miscarriage of justice were not evident in the Petitioner's case.

Additionally, Judge Katz reported that Petitioner's claim of a faulty indictment by grand jury is not a cognizable claim under federal habeas review. There is no federal constitutional right to a grand jury in state criminal proceedings. See, e.g., Alexander v. Louisiana, 405 U.S.

4

625, 633, 92 S. Ct. 1221, 1226-1227 (1972).  Because Petitioner's claim is based on state law, it is not reviewable in a federal habeas court.  See id.

Lastly, Judge Katz emphasized the fact that Petitioner's guilty plea precludes him from raising constitutional defenses related to testimony before the plea was entered.  Petitioner made his guilty plea in state court without coercion and with an understanding of the importance of making such a plea.  A "knowing and voluntary guilty plea precludes federal habeas review of claims relating to constitutional rights at issue prior to the entry of the plea."  Whitehead v. Senkowski, 943 F.2d 230, 233 (2d Cir. 1991).   I find no clear error in Judge Katz's findings on the defective indictment claim.

**B. Ineffective Assistance of Trial Counsel**

Petitioner's arguments related to the ineffectiveness of trial counsel, asserted in objections D and E, merely reiterate what he argued in the petition for habeas corpus.  Petitioner did not raise specific objections to Judge Katz's thorough analysis, so that analysis must be reviewed for clear error.  See Perimeter, 657 F. Supp. 2d at 414.

The Antiterrorism and Effective Death Penalty Act (AEDPA) does not allow federal habeas relief where a state court has made a decision on the merits, unless the state court's decision is "contrary to or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States."  28 U.S.C. §§ 2254 (d)(1).  In order to prevail on an ineffective assistance of counsel challenge, petitioner must show that counsel's work (1) fell below an objective standard of reasonableness; and (2) there is a "reasonable probability that but for the counsel's unprofessional errors, the result of the proceeding would have been different."  Strickland v. Washington, 466 U.S. 668, 687-88, 104 S. Ct 2052, 2064 (1984).  In evaluating the reasonableness requirement, a court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound . . . strategy."  Id. at 689.  Further, the "reasonable probability" of prejudice prong of Strickland is defined as a "probability sufficient to undermine confidence in the outcome" of the state proceedings.  Id. at 694.  For the purpose of the AEDPA, Strickland is recognized as the "clearly established federal law, as determined by

the Supreme Court of the United States." See Arparicio v. Artuz, 269 F.3d 78, 95 (S.D.N.Y. 2001).

Petitioner argues that counsel provided ineffective assistance when he failed to impeach Detective Deshazo for inconsistencies related to whether the crack cocaine was found in the right or the left pocket. However, "[f]ailure to raise a meritless claim does not amount to ineffective assistance." United States v. Arena 180 F.3d 380, 396 (2d Cir. 1999). As Judge Katz notes, counsel's strategy to enter the jacket into evidence and deny Deshazo the ability to explain the inconsistency in his testimony was an indication of effective legal assistance. R&R at 28. In the end, the state trial court during a pretrial hearing found Deshazo's inconsistency to be of no "particular moment," as the drugs were recovered from Petitioner in the course of the arrest. Id. at 29. As Judge Katz notes, a strategy is not shown to be bad merely because it ultimately failed. Judge Katz's analysis is correct and is adopted.

Additionally, Petitioner argues that he received ineffective assistance because his attorney coerced him into the plea agreement. Judge Katz notes that this argument was rejected in the Appellate Division, and that in sum there is "no basis to conclude that [the Appellate Division's] decision was contrary to, or an unreasonable application of, clearly established Supreme Court law." R&R at 30. Further, Judge Katz correctly draws the inference that counsel's advice to Petitioner to take the plea deal rather than face a longer prison sentence, given the realities of the case, was a fair appraisal of the situation and resulted in a good deal for Petitioner. Petitioner has shown no clear error in the R&R.

**C. Motion to Amend Petition**

Petitioner requested leave that he be allowed to amend his petition to include a claim of ineffective assistance of appellate counsel. Irrespective of any procedural problems this request might face, the requested amendment has no merit. Petitioner's claim is based in the same argument he made with respect to his trial counsel: Petitioner claims that appellate counsel was ineffective because counsel failed to raise arguments regarding inconsistencies in Detective Deshazo's testimony. Appellate counsel are held to the same standard of effectiveness applicable to trial counsel. See Aparicio, 269 F.3d at 95 ("Although it was born in the context of ineffective assistance of trial counsel, *Strickland's* two-prong test applies equally to claims of ineffective assistance of appellate counsel on a defendant's first appeal as of right.").

6

Accordingly, as detailed, supra, Petitioner's claim is without merit. Petitioner has the burden to prove that counsel's assistance was ineffective, and fails to meet this burden in either his complaints about appellate counsel or trial counsel. Petitioner's motion to amend is moot because, even if granted, the amendment would provide no grounds for relief. The motion is denied.

## IV. CONCLUSION

For the foregoing reasons, Petitioner's objections to Magistrate Judge Katz's February 15, 2011 R&R are unpersuasive. The R&R is adopted in its entirety, and Petitioner's § 2254 application for writ of habeas corpus is DENIED. As the Petition makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253.

The Clerk of Court is directed to close the matter and remove it from my docket.

**SO ORDERED.**

New York, New York
August 24 2011

HAROLD BAER, JR.
**United States District Judge**

7